UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER R. KEYES and ROSE KEYES,

                        Plaintiffs,                       Case Number 12-11619
                                                      Honorable David M. Lawson

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR HSI ASSET
SECURITIZATION CORPORATION TRUST
2007-NCI, and BANK OF AMERICA, N.A.,

                        Defendants.
_____/

## <u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Before the Court is the defendants' motion for judgment on the pleadings in this mortgage foreclosure case. The plaintiffs ceased making mortgage payments in July 2009, and foreclosure was initiated in early 2010. The foreclosure sale apparently has not yet occurred. The plaintiffs brought suit in state court on March 20, 2012, and the defendants removed the case to this Court and thereafter filed their motion. The Court heard oral argument on the motion on January 10, 2013.

The plaintiffs' complaint is in large part based on their contention that the assignment of the mortgage to defendant Deutsche Bank was invalid. The plaintiffs also allege that defendant Bank of America has been acting as servicer of the mortgage loan without authorization and that the commencement of foreclosure proceedings was wrongful. For the reasons discussed below, the Court finds that the plaintiff has not stated viable claims in any of the counts of their complaint except count III — conversion — against defendant Bank of America. The Court will grant the defendants' motion in part, dismiss all claims against defendant Deutsche Bank, and dismiss all claims against defendant Bank of America except count III.

I.

The following facts are taken from the plaintiffs' complaint and the documents referenced therein.  The plaintiffs live at the subject property, 8444 Jack Pine Drive, Ypsilanti, Michigan. When they purchased the property on December 15, 2006, they signed a promissory note with New Century Mortgage Corporation and a mortgage naming Mortgage Electronic Registration System (MERS) as the mortgagee in a nominee capacity for the lender.  New Century then sold the note to a "special purpose vehicle" (SPV) designated as a Real Estate Mortgage Investment Conduit (REMIC) trust, which was named the HIS Asset Securitization Corporation Trust 2007-NCI (the Trust), of which defendant Deutsche Bank is the trustee.  The plaintiffs were not notified of that transfer.

In July 2009, the plaintiffs requested that defendant Bank of America prove that it had the right to collect payments on the plaintiffs' note.  Not receiving a response, the plaintiffs stopped making payments.  On November 18, 2010, MERS assigned the mortgage to defendant Deutsche Bank.  Trott & Trott began foreclosure proceedings at some point in early 2010.  Trott & Trott identified defendant Bank of America as the loan servicer in a letter to the plaintiffs dated January 23, 2012, although it is not clear how that came to be.  The complaint does not allege that a foreclosure sale actually has occurred, and the prayer for relief requests that the defendants be enjoined from seeking foreclosure.

The plaintiffs filed their complaint in state court on March 20, 2012.  The complaint contains claims for wrongful foreclosure, breach of contract, conversion, slander of title, quiet title, civil conspiracy, and a count entitled "mortgage is unenforceable; Deutsche is not the true party in interest and may not foreclose."  The plaintiffs allege that Trott & Trott was acting on behalf of the

-2-

servicer, Bank of America, and that because Bank of America never acquired the mortgage it violated Michigan Compiled Laws § 600.3204(3). The plaintiffs allege that the assignment to the Trust violated Michigan Compiled Laws § 555.5 and is invalid as a matter of law and also that the assignment was invalid because the Trust is prohibited from taking assets beyond its closing date. The plaintiffs also allege that the note and mortgage must be sold together; otherwise, notice to the borrower is required. The plaintiffs allege that Bank of America had no right to receive payments from the plaintiffs because it did not have a servicing agreement with the Trust.

The defendants removed the case to this Court on April 10, 2012. On June 11, 2012, the Court entered a stipulated order dismissing the complaint without prejudice as to defendant Trott & Trott. Thereafter, the remaining defendants, Deutsche Bank and Bank of America, filed a motion for judgment on the pleadings. The plaintiffs responded and the defendants replied. The Court heard oral argument on January 10, 2013.

II.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) requires application of the same standards that govern motions to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(c); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a

-3-

complaint's factual allegations." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying

documents).  In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."  *Commercial Money Ctr., Inc.*, 508 F.3d at 336.

The plaintiffs attached the mortgage, the assignment of mortgage, a notice of foreclosure sale, a letter from Trott & Trott dated January 23, 2012, and a copy of their payment history to the complaint.  The defendants attached a copy of the pooling and servicing agreement to their answer.  Because these documents were attached to the pleadings, the Court may consider them in deciding the defendants' motion.  In addition, the defendants attached the note to their motion for judgment on the pleadings.  Because the plaintiffs refer to this document in the complaint and it is integral to the plaintiffs' claims, the Court may also consider it in deciding the defendants' motion.

A.   Wrongful Foreclosure

1.   Bank of America's alleged violation of the Michigan foreclosure statute

In the first count of the plaintiffs' complaint, the plaintiffs allege that the defendants have violated Michigan Compiled Laws § 600.3204(3).  The plaintiffs state that if defendant Bank of America is determined to be the foreclosing party, it never acquired the mortgage.  If defendant Deutsche Bank is determined to be the foreclosing party, the assignment of the mortgage was invalid for a number of reasons.  Because neither of the defendants can demonstrate that it properly owned the mortgage, the plaintiffs argue, the defendants should be enjoined from foreclosing on the property.  Although the plaintiffs' complaint mentions only section 600.3204(3), in their response the plaintiffs also argue that defendant Bank of America violated section 600.3204(1)(d), which is not a theory set out in the pleadings.  The plaintiffs also allege that the assignment to the Trust violates Michigan's Statute of Uses, Michigan Compiled Laws § 555.5.

-5-

The defendants argue that Michigan law rejects the plaintiffs' note-splitting theory, and they insist that the assignment is valid in all other respects.

Foreclosure sales by advertisement are governed by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Ibid.* (citing Mich. Comp. Laws § 600.3201). Section 600.3204 provides that a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Laws § 600.3204(1). "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3).

The Michigan Supreme Court recently held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, --- N.W.2d ----, No. 144690, 2012 WL 6858059, at * 6 (2012). The court explained that "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by

-6-

defendant's failure to comply with Mich. Comp. L. § 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Ibid*.

The plaintiffs' complaint alleges that the defendants have violated section 600.3204(3). However, the defendants cannot have violated that section, as it requires only that a record chain of title exist as of the date of sale. Because the sale has not yet occurred, the defendants have not violated section 3204(3).

The plaintiffs argue in their response that the defendants violated section 3204(1)(d) because defendant Bank of America did not have an interest in the mortgage at the time the foreclosure was initiated. However, that theory is not contained in the plaintiff's complaint. Morever, section 600.3204(1)(d) plainly states that the servicing agent of the mortgage may initiate foreclosure proceedings; the cases cited by the plaintiffs say nothing to the contrary, as they deal with situations in which the foreclosing party was not the servicer and did not acquire an interest in the mortgage until after the foreclosure process began. *See Davenport v. HSBC Bank*, 275 Mich. App. 344, 345, 739 N.W.2d 383, 383 (2007); *Everbank v. Zeer*, No. 302239, 2012 WL 1890184, at *3 (Mich. App. May 24, 2012).

The plaintiffs' complaint alleges inconsistent facts on the role of defendant Bank of America. The plaintiffs allege that Bank of America acted as the servicer of the loan from the time the mortgage was executed, but also they allege that Bank of America lacked the right or authority to act as the servicer for the plaintiffs' loan because it did not have a servicing agreement with the Trust. In addition, in their response to the motion, the plaintiffs state that Bank of America was the servicer. As this Court has held previously, the plaintiffs' allegation that Bank of America was their

-7-

servicer is a factual allegation that the Court must accept as true at this stage of the proceedings, whereas the allegation that Bank of America was without lawful authorization to act as servicer is a legal conclusion that the Court may not accept as true unless it is plausibly supported by the pleaded facts. *See Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 908 (E.D. Mich. 2012). The only fact that the plaintiffs allege that would support the conclusion that Bank of America was not the lawful servicer of the plaintiffs' mortgage is that Bank of America did not have a servicing agreement with the Trust. In their motion to dismiss, the defendants state that the pooling and service agreement (PSA) defines servicer to include Countrywide Servicing and any successor in interests and that Countrywide changed its name to BAC Home Loans Servicing and then merged into Bank of America on July 1, 2011. However, the defendants provide no evidence to support that assertion, such as public records that might document the name change or merger. At this stage, the Court must accept as true the plaintiffs' assertion that defendant Bank of America had no servicing agreement with the Trust, especially as the defendants have provided no documentation to rebut that assertion. Nonetheless, the absence of a servicing agreement directly between Bank of America and the Trust does not establish that the bank could not act as servicer by succeeding to that interest by operation of law. And since the plaintiffs have not pleaded a violation of section 600.3204(1)(d), that fact is inconsequential to the claim in count I in any event. The wrongful foreclosure claim based on section 600.3204(3) fails.

### 2.  Validity of the assignment

The plaintiffs also allege that defendant Deutsche Bank, as trustee for the Trust, is responsible for wrongful foreclosure.  The plaintiffs' wrongful foreclosure claim is based on its allegations that the assignment to the Trust was invalid as violating the statute of uses and the PSA, and that MERS lacked the authority to transfer the mortgage for various reasons.  Those arguments also form the basis of most of the remainder of the counts of the plaintiffs' complaint.  The Court will address them in turn.

### a.  Plaintiffs' ability to challenge assignment

The defendants first argue that the plaintiffs may not challenge the validity of the assignment. The plaintiffs argue that they should be permitted to challenge the assignment on the basis that it is absolutely invalid because MERS lacked the authority to assign the mortgage as it was not a nominee of the creditor.  The Sixth Circuit has rejected a similar challenge to the validity of an assignment under Mich. Comp. Laws § 600.3204(3) on the grounds that the invalidation of the assignment would not destroy the record chain of title because the public record would remain unchanged and that the plaintiff, as a non-party to the assignment, lacked standing to challenge the assignment.  *See Livonia Props. v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010).  In *Livonia Properties*, the Sixth Circuit addressed the claim of a plaintiff who argued that the foreclosing party was required to prove that an assignment to a trust was legally valid in order for the chain of title to be valid.  *Id*. at 102. The plaintiff argued that because the trust in question did not actually exist on the date of the assignment, the Trust could not actually have received the mortgage on that date, and thus both the assignment and the record chain of title were invalidated.  *Ibid*. The court found that the plaintiff had "presented no authority for the proposition

that the record chain of title is destroyed by an irregularity affecting the validity of a transfer. Even if the transfer were invalidated, the public record would remain as it is, and the record chain of title would not be disturbed." *Ibid*.

Immediately after observing the general rule that a third party cannot challenge an assignment, the court noted that "[a]n obligor 'may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void.'" *Livonia Properties*, 399 F. App'x at 102 (quoting 6A C.J.S. Assignments § 132 (2010)). The court stated that this rule exists to protect obligors "from having to pay the same debt twice." *Ibid*. The court found that the rule was not implicated in that case because the defendant owned the original note as well as the mortgage and the district court reviewed copies of the original note and was satisfied that it was authentic. *Ibid*.

The Michigan Supreme Court's ruling in *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), made it clear that a party holding a mortgage is authorized to foreclose by advertisement even where that party does not also hold an interest in the note. The assurance that the court had in *Livonia* that the plaintiffs would not be subject to double liability on their debt is therefore not necessarily present in all cases. In cases where the foreclosing party was not the holder of the note but only a holder of the mortgage, a plaintiff might have "a genuine claim . . . that [he or she] might therefore be subject to double liability on [his or her] debt." *Livonia Properties*, 399 F. App'x at 102. In such a situation, a plaintiff is able to assert a challenge to the assignment that would render it invalid, ineffective, or void.

In this case, the plaintiffs argue that they should be permitted to challenge the assignment because the assignment was invalid for various reasons. The complaint supports the concern that the plaintiffs might be subject to double liability because the mortgage and note have been assigned

-10-

to different parties.  The plaintiffs allege in their complaint that the note was sold to a trust, and that

the mortgage was assigned to defendant Deutsche Bank as trustee for that trust.  However, the

foreclosure process was initiated, although not completed, by defendant Bank of America.  In order

to complete the foreclosure, the mortgage would have to be assigned to Bank of America.  The note

would then be in the hands of the Trust and the mortgage in the hands of Bank of America.  In such

a situation, the plaintiffs will be permitted to challenge the validity of the assignment.

### b.  Legality of the assignment

Whether the plaintiffs' challenge prevails, however, is a separate question.  The plaintiffs

advance several theories upon which the assignment might be invalid in their complaint: the

assignment violated Michigan's statue of uses, MERS lacked authority from the owner of the note

to transfer the mortgage, MERS could not transfer the mortgage without the note under Michigan

law, and the mortgage was assigned after the closing date of the Trust.  The plaintiffs press only the

first two of those theories in their response to the defendants' motion

### i.  Statute of uses

The plaintiffs first argue that the assignment of the mortgage to defendant Deutsche Bank

as trustee violated a provision of Michigan's statute of uses, Michigan Compiled Laws § 555.5,

which states:

> Every disposition of lands, whether by deed or devise, hereafter made, except as
> otherwise provided in this chapter, shall be directly to the person in whom the right
> to the possession and the profits shall be intended to be vested, and not to any other,
> to the use of, or in trust for, such person; and if made to 1 or more persons, in trust
> for, or to the use of another, no estate or interest, legal or equitable, shall vest in the
> trustee.

Mich. Comp. Laws § 555.5.  The plaintiffs argue that the Trust in this case, like all REMIC trusts,

is a passive trust, and therefore the assignment of mortgage did not vest a security interest in

defendant Deutsche Bank, but rather in the investors in the Trust. The defendants counter that the statute does not apply in this case because it deals with conveyances that purport to create trusts without any duties. The defendants point out that the assignment in this case is not to the trustee "in trust" for investors, but rather to the trustee "as trustee" for the existing trust. Because the Trust already existed and the trustee's duties were defined, the statute does not apply.

Michigan case law interpreting this statute is not extensive. In *Cone v. Zelony*, No. 233034, 2003 WL 21995422 (Mich. Ct. App. Aug. 21, 2003), the Michigan Court of Appeals concluded that the trial court had not erred in finding that a trust was not passive for the purpose of the statute where the trustee was "charged with holding title." *Id*. at *1. In contrast, the court in *Bays v. Charter Twp. of Waterford*, No. 237782, 2003 WL 1883463 (Mich. Ct. App. Apr. 15, 2003), held that a conveyance to a township to be held in trust for lot owners vested legal title to the property in the lot owners, rather than in the township. *Id*. at *2. Despite this lack of guidance, courts in this district have been unreceptive to the plaintiffs' argument. *See Carmack v. Bank of New York Mellon*, No. 12-11669, 2012 WL 2389863, at *3 (E.D. Mich. June 25, 2012) (finding that the statute does not apply to conveyances to existing trusts but rather to conveyances that purport to create trusts without trust duties); *Yousif v. Bank of New York Mellon*, No. 12-12507, 2012 WL 2403472, at *3 (E.D. Mich. June 26, 2012) (finding that a REMIC trust was active because the trustee defendant held title to property and disbursed proceeds to investors); *Liponoga v. American Home Mortg. Servicing Inc.*, No. 12-12829, 2012 WL 6096579, at *2 n.2 (E.D. Mich. Dec. 7, 2012); *Murray v. New York Mortg. Co.*, No. 12-12452, 2012 WL 5830245, at *9 (E.D. Mich. Nov. 16, 2012).

-12-

The plaintiffs' statute of uses argument in this case fails for at least two reasons.  First, under *Cone*, where a trustee is "charged with holding title," the trust is not passive and the statute does not affect the conveyance.  In this case, under the PSA, defendant Deutsche Bank as trustee is charged with numerous duties, including "hold[ing] the Trust Fund and exercis[ing]" rights on behalf of certificate holders.  Defs.' Answer Ex. A at 49.  The obligation created by the PSA likewise suggests that the Trust is not passive and the statute does not apply in this case.  Second, as the plaintiffs seem to acknowledge in their response, even if the statute did apply, the effect would not be to invalidate the assignment; rather, it would mean that the security interest was vested in the Trust's investors.  Because the statute would not invalidate the assignment in any case, the plaintiffs' challenge under Michigan Compiled Laws § 555.5 fails.

### ii. MERS's authority as nominee

The plaintiffs next argue that MERS did not have the authority to assign the mortgage because the trustee did not have the power or authority to nominate MERS to hold the mortgage.  The plaintiffs contend that the note passed to two non-MERS member — the depositor and the Trust — and argue that MERS had no authority to assign the mortgage because it had no relationship with the holder of the note.  The defendants respond that plaintiffs themselves gave MERS the authority to act as a nominee for the lender and the lender's successors and assigns when the plaintiffs signed the mortgage.

The plaintiffs' argument is disconnected.  The mortgage states that MERS is the mortgagee under the security instrument and that it acts "solely as a nominee for Lender and Lender's successors and assigns."  Compl. Ex. 1 at 2.  The plaintiffs have presented no reason to believe that the lender's "successors and assigns" do not include the Trust. Moreover, the PSA grants Deutsche

-13-

Bank the authority as trustee to accept assignment of the mortgage. The plaintiffs cite neither authority nor facts suggesting that MERS lacked the authority to assign the mortgage in these circumstances, and courts in this district have rejected this argument repeatedly. *See Cable v. Mortgage Electronic Registration Systems, Inc.*, No. 11-14877, 2012 WL 2374236, at *4 (E.D. Mich. June 22, 2012); *Conlin v. Mortgage Electronic Registration Systems, Inc.*, No. 11-15352, 2012 WL 3013920, at *3 (E.D. Mich. July 20, 2012). In fact, the Sixth Circuit upheld the validity of a MERS assignment in similar circumstances. *Yuille v. American Home Mortg. Services, Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012). The plaintiffs' unsupported argument provides no grounds upon which the Court could find the assignment invalid.

### iii.  Separation of Note and Mortgage

The plaintiffs' complaint contains the argument that the assignment was invalid because it separated the note from the mortgage. The plaintiffs do not pursue this argument in their response, with good reason, since the Michigan Supreme Court held in *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), that an entity that held the mortgage but not the note could foreclose under Michigan's foreclosure-by-advertisement statute. If an entity that holds the mortgage but not the loan may foreclose, an obvious corollary is that the separation of the mortgage and the note does not invalidate either. The plaintiffs' citation of *Prime Financial Services LLC v. Vinton*, 279 Mich. App. 245, 761 N.W.2d 694 (2008), does not compel a different result. To the extent that decision conflicts with *Saurman* by suggesting that a mortgage and note cannot be separated, the Michigan Supreme Court's decision must control.

-14-

iv.  Closing Date of Trust

The plaintiffs' complaint also advances the theory that the assignment is invalid because it occurred after the closing date of the Trust.   That argument does not help the plaintiffs.  If the mortgage loan were added to the Trust improperly, that might create a cause of action for the beneficiaries of the Trust. *See Livonia Property Holdings, L.L.C. v. 12480–12976 Farmington Road Holdings, L.L. C.*, 717 F. Supp. 2d 724, 747-48 (E.D. Mich. 2010) (citing *In re Almeida*, 417 B.R. 140 (Bankr. D. Mass. 2009)).  However, the plaintiffs have presented no argument or authority to demonstrate the basis upon which they can challenge a breach of that agreement, to which the plaintiffs are not parties.  Nor have the plaintiffs made any argument that would allow the Court to conclude that the plaintiffs could be considered a third-party beneficiary of the agreement. And the plaintiffs have not offered anything more than conclusory statements to support their argument that a violation of the agreement strips defendant Deutsche Bank of the legal authority or capacity to own the subject property. The only law cited by the plaintiffs in support of the proposition that this would invalidate the assignment is New York Estates, Powers, and Trusts Law § 7-2.4 (2006), but that statute does not affect the validity of the assignment. *Moss v. Wells Fargo*, Case Number 11-13429, Opinion Denying Recon. at 8-10 (E.D. Mich. Jan. 22, 2013).

B.  Breach of contract

In count II of their complaint, the plaintiffs allege that the defendants have violated paragraph 20 of the mortgage, which, according to the plaintiffs, requires that the note cannot be separated from the mortgage without notice.  The plaintiffs further argue that the illegitimate transfer of the note to the Trust meant that defendant Bank of America had no right to collect payments on the mortgage loan.

-15-

Paragraph 20 of the mortgage states, in relevant part: "The Note or a partial interest in the Note (*together with this Security Instrument*) can be sold one or more times without prior notice to the Borrower."  Compl. Ex. 1 (emphasis added).

When construing a contract or one of its provisions, the intentions of the parties govern. *First Nat. Bank of Ypsilanti v. Redford Chevrolet Co.*, 270 Mich. 116, 121, 258 N.W. 221, 223 (1935).  To ascertain the parties' intentions, the Court looks first to the language in the written agreement.  *Haywood v. Fowler*, 190 Mich. App. 253, 258, 475 N.W.2d 458, 461 (1991) ("Where the language of a contract is clear and unambiguous, the intent of the parties will be ascertained according to its plain sense and meaning."); *see also Wilkie v. Auto-Owners Ins. Co.*, 469 Mich. 41, 61, 664 N.W.2d 776, 787 (2003) ("Well-settled principles of contract interpretation require one to first look to a contract's plain language.  If the plain language is clear, there can be only one reasonable interpretation of its meaning and, therefore, only one meaning the parties could reasonabl[y] expect to apply.  If the language is ambiguous, longstanding principles of contract law require that the ambiguous provision be construed against the drafter." (citation omitted)). "Contractual language is construed according to its plain and ordinary meaning, and technical or constrained constructions are to be avoided."  *Dillon v. DeNooyer Chevrolet Geo*, 217 Mich. App. 163, 166, 550 N.W.2d 846, 848 (1996).  The Court should "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory."  *Klapp v. United Ins. Grp. Agency, Inc.* 468 Mich. 459, 468, 663 N.W.2d 447, 453 (2003).  "'Where the language of the writing is not ambiguous the construction is a question of law for the court, on a consideration of the entire instrument.'"  *In re Landwehr's Estate*, 286 Mich. 698,

-16-

702, 282 N.W. 873, 874 (1938) (quoting *Griffin Mfg. Co. v. Mitshkun*, 233 Mich. 640, 642, 207
N.W. 814, 814 (1926)).

A contract is unambiguous if it "fairly admits of but one interpretation." *Allstate Ins. Co.
v. Goldwater*, 163 Mich. App. 646, 648, 415 N.W.2d 2, 4 (1987). Disagreement among the parties
as to the meaning of a contract term does not necessarily create ambiguity as a matter of law.
*Steinmetz Elec. Contractors Ass'n v. Local Union No. 58 Int'l Bhd. of Elec. Workers*, 517 F. Supp.
428, 432 (E.D. Mich. 1981). However, if "the contract language is unclear or susceptible to multiple
meanings, interpretation becomes a question of fact." *Port Huron Educ. Ass'n MEA/NEA v. Port
Huron Area Sch. Dist.*, 452 Mich. 309, 323, 550 N.W.2d 228, 237 (1996); *see also Klapp*, 468 Mich.
at 469, 663 N.W.2d at 453-54. Where the terms of a contract are ambiguous, the Court must look
to extrinsic facts along with the terms of the agreement to determine the parties' intentions. *Klapp*,
468 Mich. at 469, 663 N.W.2d at 454. Ambiguous contracts generally present questions of fact for
trial. *Klapp*, 468 Mich. at 469, 663 N.W.2d at 453-54.

This Court previously has held that contract language identical to that cited by the plaintiff
is ambiguous because it fairly admits of more than one interpretation. *Gregory v. Citimortgage*, ---
F. Supp. 2d ----, No. 11-15521, 2012 WL 3985119, at *12 (E.D. Mich. Sept. 11, 2012). In that case,
the Court found that the language could be read to suggest that the note can only be sold without
prior notice only when it is transferred "together" with the mortgage and that the defendants'
transfer of the note into the Trust without the mortgage and without notifying the plaintiff would
violate that provision of the contract as so read. However, this case is different. In *Gregory*, the
note was transferred to a trust, and the mortgage was assigned to LaSalle Bank. Therefore, it could
fairly be said that the note and the mortgage were separated. In this case, MERS was named as a

nominee for the lender and the lender's successors and assigns in the mortgage. The note was sold

to a trust, and the mortgage subsequently was assigned by MERS to the trustee of that trust. The

plaintiffs have not pleaded facts establishing that the note and the mortgage actually were separated.

The plaintiffs, therefore, have not pleaded a cognizable claim in count II of the complaint, which

must be dismissed. *See Nelson v. BAC Home Loans Servicing, L.L.P.*, No. 11-14433, 2012 WL

2064383, at *4 (E.D. Mich. June 7, 2012); *Fortson v. Federal Home Loan Mortg. Corp.*, No. 12-

10043, 2012 WL 1183692, at *5 (E.D. Mich. Apr. 9, 2012); *Cable v. Mortgage Electronic

Registration Systems, Inc.*, No. 11-14877, 2012 WL 2374236, at *5 (E.D. Mich. June 22, 2012).

## C. Conversion

In count III of the complaint, the plaintiffs charge conversion against defendant Bank of

America only. The plaintiffs allege that Bank of America acted as a servicer but did not have

authorization to collect payments on the plaintiffs' mortgage and did not have a servicing agreement

with the Trust holding the plaintiffs' note. The defendants argue that the PSA specifically

designates Bank of America's predecessor-in-interest as the servicer, and therefore defendant Bank

of America is authorized to service the loan.

In Michigan, conversion has both a common-law and statutory basis. Common law

conversion "consists of any distinct act or domain exerted over another's personal property in denial

of or inconsistent with the rights therein." *Dep't of Agric. v. Appletree Marketing, L.L.C.*, 485 Mich.

1, 13-14, 779 N.W.2d 237, 244 (2010) (citation omitted). There are two forms of statutory

conversion:

> (a) Another person's stealing or embezzling property or converting property to the
> other person's own use.
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the
> concealment of stolen, embezzled, or converted property when the person buying,

> receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled,
> or converted property knew that the property was stolen, embezzled, or converted.

Mich. Comp. L. § 600.2919a.   Under Michigan law, a plaintiff may sue "for the conversion of funds that were delivered to the defendant for a specified purpose, but that the defendant diverted to his or her own use."   *Tooling Mfg. & Technologies Ass'n v. Tyler*, No. 293987, 2010 WL 5383529, at *11 (Mich. App. Dec. 28, 2010) (citing *Hogue v. Wells*, 180 Mich. 19, 24, 146 N.W. 369 (1914); *Warren Tool Co. v. Stephenson*, 11 Mich. App. 274, 300, 161 N.W.2d 133 (1968)).   The plaintiffs assert that Bank of America has converted their mortgage payments.

In their motion to dismiss, the defendants state that the PSA defines servicer to include Countrywide Servicing and any successor in interest and that Countrywide changed its name to BAC Home Loans Servicing and then merged into Bank of America on July 1, 2011.   However, the defendants provide no evidence to support this assertion, such as public records that might document the name change or merger.   As discussed above, when considering a motion for judgment on the pleadings, the Court must accept as true the plaintiffs' assertion that Bank of America had no servicing agreement with the Trust, especially as the defendants have provided no documentation to rebut that assertion.   The plaintiffs further allege that Bank of America converted the mortgage payments "to its own use."   Compl. ¶ 52.   That is sufficient at this stage of the case to support a claim that the plaintiffs delivered funds to Bank of America for a mortgage payment that Bank of America then diverted to its own use.

-19-

### D.  Slander of title

In count IV the plaintiffs allege that defendant Deutsche Bank slandered their title because the invalid assignment and foreclosure notices diminished the plaintiffs' rights in the property.  The plaintiffs allege that Deutsche Bank acted with knowledge that the assignment was invalid.  The defendants argue that because neither the assignment nor the notices were false or invalid, the plaintiffs' claim must be dismissed.  The Court agrees.

Slander of title claims in Michigan "have both a common-law and statutory basis."  *B&B Inv. Group v. Gitler*, 229 Mich. App. 1, 8, 581 N.W.2d 17, 20 (1998).  A plaintiff must prove the same three elements for both a common-law slander of title claim and a claim under Michigan Compiled Laws § 565.109: "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages."  *Id*. at *9. "In Michigan, special damages have been recognized to include litigation costs, impairment of vendibility, and loss of rent or interest."  *Ibid*. (internal citations omitted).

As discussed above, the plaintiffs have presented no grounds upon which the Court could find that the assignment was invalid.  Therefore, count IV will be dismissed.

### E.  Quiet Title

In count V, the plaintiffs seek to quiet title in themselves against the interests of defendant Deutsche Bank only.  The plaintiffs reiterate their argument that the assignment was invalid both because it violates Michigan law and because it is contrary to the PSA.  The defendants argue that the plaintiffs cannot challenge the legal effect of the assignment, the assignment did not violate the Michigan statute of uses, the plaintiffs and the trustee authorized the assignment, and the PSA permits the assignment.

In Michigan a quiet title action is a statutory cause of action. Michigan Compiled Laws § 600.2932(1) states that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." That statute "codifie[s] actions to quiet title and authorize[s] suits to determine competing parties' respective interests in land." *Republic Bank v. Modular One LLC*, 232 Mich. App. 444, 448, 591 N.W.2d 335, 337 (1998), *overruled on other grounds by Stokes v. Millen Roofing Co.*, 466 Mich. 660, 649 N.W.2d 371 (2002). A party seeking to establish clear title has the burden of proof in a quiet title action and must make out a *prima facie* case that they have title to the disputed land. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999) (citing *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219 (1984)).

As discussed above, the plaintiffs have presented no grounds upon which the Court could find that the assignment was invalid. Therefore, count V of the plaintiffs' complaint will be dismissed.

### F.  Mortgage is unenforceable

The sixth count of the plaintiffs' complaint is titled "Mortgage is unenforceable; Deutsche is not the true party in interest and may not foreclose." The plaintiffs argue that their obligation under the note was extinguished when the note was transferred into the Trust and also that the assignment of the note to the Trust was invalid. Attempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country. *See Leone v. Citigroup*, No. 12-10597, 2012 WL 1564698, at *4 (E.D. Mich.

-21-

May 2, 2012) (collecting cases); *Mitchell v. Mortgage Electronic Registration Systems, Inc.*, No. 1:11-cv-425, 2012 WL 1094671, at *3 (W.D. Mich. Mar. 30, 2012); *Bhatti v. Guild Mortg. Co.*, No. C11-0480JLR, 2011 WL 6300229, at *5 (W.D. Wash.  Dec.16, 2011) ("Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way.").  Courts in this district have found such arguments singularly unpersuasive in light of the *Saurman* decision.  *See Nelson v. BAC Home Loans Servicing, L.L.P.*, No. 11-14433, 2012 WL 2064383, at *4 (E.D. Mich. June 7, 2012); *Marrocco v. Chase Bank, N.A.*, No. 12-10605, 2012 WL 3061031, at *3 (E.D. Mich. July 26, 2012); *Kiefer v. ABN AMRO*, No. 12-10051, 2012 WL 3600351, at *4 (E.D. Mich. June 12, 2012).  The same holds true here.  Count VI will be dismissed.

### F.  Civil conspiracy

The seventh and final count of the plaintiffs' complaint is for civil conspiracy.  The plaintiffs allege that the defendants have conspired to convert the plaintiffs' mortgage payments and to take possession of the plaintiffs' home.

Under Michigan Law, a civil conspiracy consists of (1) a concerted action, (2) by a combination of two or more persons, (3) to accomplish an unlawful purpose, (4) or to accomplish a lawful purpose by unlawful means.  *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 769 (6th Cir. 2012) (citing *Mays v. Three Rivers Rubber Corp.*, 135 Mich. App. 42, 48, 352 N.W.2d 339, 341 (1984)).  "[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort."  *Ibid.* (quoting *Early Detection Ctr., P.C. v. N.Y. Life Ins. Co.*, 157 Mich. App. 618, 632, 403 N.W.2d 830, 836 (1986).

-22-

As discussed above, all of the plaintiffs' claims against defendant Deutsche Bank fail. The plaintiffs have not pleaded any facts that would suggest that Deutsche Bank has sought to accomplish an unlawful purpose through concerted action with defendant Bank of America, beyond conclusory allegations in the complaint that all of the defendants have conspired to take the plaintiffs' mortgage payments and home. The plaintiff's complaint does not state a claim for relief on the civil conspiracy count, and the Court will dismiss count VII of the complaint.

III.

Except for count III of the complaint, which alleges conversion against defendant Bank of America, the complaint fails to state a claim for which relief can be granted.

Accordingly, it is **ORDERED** that the defendants' motion for judgment on the pleadings [dkt. #15] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendant Deutsche Bank, **only**.

It is further **ORDERED** that counts I, II and IV through VII of the complaint are **DISMISSED WITH PREJUDICE** as to defendant Bank of America.

s/David M. Lawson          <br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  February 5, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2013.

s/Deborah R. Tofil     <br>
DEBORAH R. TOFIL