UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER R. KEYES and ROSE KEYES,

        Plaintiffs,                      Case Number 12-11619
                                                  Honorable David M. Lawson

v.

BANK OF AMERICA, N.A.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

The plaintiffs brought suit in state court on March 20, 2012 alleging wrongful foreclosure of their home mortgage, and the defendant removed the case to this Court and thereafter filed a motion to dismiss. The plaintiffs' complaint was in large part based on their contention that the assignment of the mortgage to Deutsche Bank, a former defendant, was invalid. The plaintiffs also alleged that defendant Bank of America has been acting as servicer of the mortgage loan without authorization and that the commencement of foreclosure proceedings was wrongful. On February 5, 2013, the Court filed an opinion and order granting in part the motion for judgment on the pleadings filed by Deutsche Bank and Bank of America. The Court found that the plaintiffs had not stated viable claims in any of the counts of their complaint except count III — conversion — against defendant Bank of America. The Court dismissed all claims against Deutsche Bank and dismissed all claims against defendant Bank of America except count III.

Presently before the Court is Bank of America's second motion for judgment on the pleadings or for summary judgment. The plaintiff has not responded to the motion, and the time for doing so has expired. E.D. Mich. LR 7.1(e)(2)(B). However, the Court has reviewed the motion

papers and finds, despite the plaintiff's failure to respond, that the papers adequately set forth the relevant law and facts and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court has considered the pleadings and the documents submitted by the defendant, and determines that summary judgment for the defendant is appropriate.

The standard for evaluating a motion for summary judgment is well known but bears repeating here. As the Sixth Circuit explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(a), (b) [(2009)]. Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that occurs, the party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009). In addition, when "'reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party. . . . Thus, the facts and any inferences that can be drawn from those facts[] must be viewed in the light most favorable to the non-moving party.'" *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citations omitted)); *see also Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) ("In evaluating the

evidence, [the district court] 'draw[s] all reasonable inferences therefrom in a light most favorable to the non-moving party.'") (quoting *PDV Midwest Ref., LLC v. Armada Oil & Gas Co.*, 305 F.3d 498, 505 (6th Cir. 2002)).

Under Federal Rule of Civil Procedure 56(e)(2) and (3), "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)(3). Even prior to the recent amendment to Rule 56, the Sixth Circuit warned:

> Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that can be established by evidence that will be admissible at trial. Fed. R. Civ. P. 56(e)(2) [(2009)] ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial."). *In fact, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."* *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

*Alexander*, 576 F.3d at 558 (emphasis added). In responding to a motion for summary judgment, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir.1993). To reiterate, if the non-moving party fails to present such evidence to counter a well-supported summary judgment motion, the Court may grant the motion on those grounds alone. *Everson*, 556 F.3d at 496.

-3-

The plaintiffs' sole remaining claim is a state law cause of action for conversion against defendant Bank of America only. The plaintiffs allege that Bank of America acted as a servicer but did not have authorization to collect payments on the plaintiffs' mortgage and did not have a servicing agreement with the Trust holding the plaintiffs' note. The defendant argued in its motion for judgment on the pleadings that the Pooling and Servicing Agreement (PSA) specifically designates Bank of America's predecessor-in-interest as the servicer, and therefore defendant Bank of America is authorized to service the loan. The Court found that the defendants had presented no evidence to support their assertion that the PSA defines servicer to include Countrywide Servicing and any successor in interest and that Countrywide changed its name to BAC Home Loans Servicing and then merged into Bank of America on July 1, 2011. Therefore, the Court accepted as true the plaintiffs' assertion that Bank of America had no servicing agreement with the Trust and that Bank of America converted the mortgage payments "to its own use." Compl. ¶ 52.

In its motion for summary judgment, the defendant states that it has provided public records demonstrating that it was Countrywide Servicing's successor in interest and that it had authority to collect the plaintiffs' mortgage and service their loan. The defendant has attached the PSA governing the trust that holds the plaintiffs' mortgage loan to its motion. The PSA defines the servicer as "[e]ach of Wells Fargo and Countrywide Servicing, and any successors in interest." Def.'s Mot. for Summ. J. Ex. B at 38. The defendant also has presented a certificate of filing from the Texas Secretary of State demonstrating that Countrywide Servicing changed its name to BAC Home Loans Servicing, LP on April 21, 2009, and a certificate of merger demonstrating that BAC Home Loans Servicing, LP, merged into defendant Bank of America on July 1, 2011. The defendant, therefore, has filled in the gaps identified by the Court previously by providing

-4-

unrebutted evidence that it has the right to service the plaintiffs' loan under the PSA as Countrywide's successor in interest. That evidence answers the concern discussed in the Court's prior opinion granting in part and denying in part the defendants' motion for judgment on the pleadings. No genuine issue of material fact remains on the plaintiffs' conversion claim, and defendant Bank of America is entitled to judgment as a matter of law.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt. #25] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 12, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL